**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4618**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

DEBORAH GAIL FROCK,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    William  D.  Quarles,  Jr.,  District
Judge.  (1:09-cr-00093-WDQ-1)

———————

Submitted: June 29, 2010                Decided:  July 9, 2010

———————

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

———————

Affirmed and remanded by unpublished per curiam opinion.

———————

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Elkridge,
Maryland, for Appellant.  Rachel Miller Yasser, OFFICE OF THE
UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deborah Gail Frock pled guilty to one count of sex trafficking a minor, in violation of 18 U.S.C.A. § 1591(a), (b)(2) (West Supp. 2010). Her counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967) asserting there are no meritorious arguments for appeal but raising for the court's consideration whether the district court abused its discretion denying the motion to withdraw the guilty plea. Frock submitted a pro se supplemental brief in which she claims her actual innocence, that her plea was unjust and that the agreed upon sentence was not imposed. The Government did not file a brief. Finding no reversible error, we affirm the conviction and sentence. We remand for the purpose of correcting a clerical error in the judgment. See Fed. R. Crim. P. 36.

This court reviews for an abuse of discretion the district court's denial of the motion to withdraw the guilty plea. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant bears the burden of demonstrating to the district court's satisfaction that a "fair and just reason" supports his request to withdraw. Fed. R. Crim. P. 11(h). We find Frock did not provide a fair and just reason to withdraw her plea. Her claims that she was actually innocent of the offense and that she was pressured or coerced into pleading guilty were without factual support.

2

We further find Frock's guilty plea was knowing and voluntary. Insofar as the district court did not state the proper maximum term of supervised release or inform Frock of the conditions of supervised release or the consequences if she were to violate its terms, we find there was no plain error because Frock's substantial rights were not violated. See United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). The plea agreement stated the correct maximum term of supervised release and the consequences if she failed to follow the conditions. Accordingly, we affirm Frock's conviction.

Frock's claim that her sentence was not consistent with the terms of the plea agreement is without merit. She was sentenced to the agreed upon ten year statutory minimum sentence. We further note that according to the plea agreement, the sentencing court was left with the discretion to impose any lawful term of supervised release. There is nothing in the record to support her claim that she was pressured or coerced into pleading guilty. We thus find no error with the sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. We deny Frock's motion to withdraw the Anders brief. We note, however, that the judgment reflects Frock pled guilty to 18 U.S.C. § 2251(a). Frock pled guilty to the superseding

3

information charging her with a violation of 18 U.S.C. § 1591(a), (b)(2).  We remand for the purpose of correcting the clerical error.  See Fed. R. Crim. P. 36.  This court requires counsel to inform his client, in writing, of her right to petition the Supreme Court of the United States for further review.  If the client requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED